*U.S. Const. Art. I, Sec. 9.*
*Cal. Const. Art. I, Sec. 11.*
*Cal. Const. Art. VI, Sec. 10 and 14*
*U.S. Const. 4th, 5th, 6th, 8th, 9th, 10th, 13th*
*and 14th Amdt. Violations of Petitioner*

NAME *Brian Williams*

PRISON IDENTIFICATION/BOOKING NO. *4520114    LAMCJ*

ADDRESS OR PLACE OF CONFINEMENT *Terminal Annex, P.O. Box 86164*

*Los Angeles, Calif. 90086-0164*

Note:    It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

**ORIGINAL**

**FILED**

2016 FEB 29 AM 10:3

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

*Brian Williams*

FULL NAME (Include name under which you were convicted )

Petitioner,

*Jim McDonnell, Sheriff;*
*Geoff Dean; Sheriff;*
*The Superior Court of Los Angeles County;*
*The People of The State of California ©*
*Real Party In Interest;*
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER
*Clifford L. Klein, LASC Judge*
*Jackie Lacey, District Attorney*
*Gregory D. Totten, District Attorney*
*Edmund Gerald Brown Jr.- Governor*
*Kamala D. Harris - Attorney General*

Respondent.

CASE NUMBER:

CV *16-01384 JVS (SP)*

To be supplied by the Clerk of the United States District Court

*CASE # BA377243, BA432381, BA443387*

☐ **AMENDED**

### PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY
### 28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION *Los Angeles, Calif.*
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number )

CV *11-08232; CV-11-09082*
CV *12-03018; CV-12-05824*

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.    You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.    When you have completed the form, send the original and two copies to the following address:

    Clerk of the United States District Court for the Central District of California
    United States Courthouse
    ATTN: Intake/Docket Section
    312 North Spring Street
    Los Angeles, California 90012

# STAY AND ABEYANCE REQUESTED IMMEDIATE ACTION FOR REQUESTED STAY

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention _Los Angeles County_
   b. Place of conviction and sentence _Los Angeles County_

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): _For An Alleged Failure To Register (Case(s)_
   _____
   _____
   b. Penal or other code section or sections: _§290.012(a)_
   _____
   _____
   c. Case number: _BA 377 243_
   d. Date of conviction: _March 14th, 2011_
   e. Date of sentence: _October 5th, 2012_
   f. Length of sentence on each count: _Time Served (1) Count_
   _____
   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☐ Jury
      ☒ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes  ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: _B241987 & B245644 Consolidated_
   b. Grounds raised (*list each*):
      (1) _None of What I have Listed in my June 8, 2012 Notice of Appeal_
      (2) _"      "      "      "      "      "    Dec. 3rd 2012  "    "    "_

(3) IAC - Claim
(4) _____
(5) _____
(6) _____

c.   Date of decision: _____
d.   Result _____
_____

4.   If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☒Yes   ☐No
If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:
a.   Case number:  S221210
b.   Grounds raised *(list each)*:
(1) IAC - Claim
(2) _____
(3) _____
(4) _____
(5) _____
(6) _____
c.   Date of decision: November 19, 2014
d.   Result  Denied
_____

5.   If you did not appeal:
a.   State your reasons _____
_____
_____
_____
_____

b.   Did you seek permission to file a late appeal?   ☐Yes   ☐No

6.   Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
☒Yes   ☐No
If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:
a.   (1) Name of court:  LASC
(2) Case number:  BA.372243
(3) Date filed  *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:  Dec. 18th, 2015

(4) Grounds raised *(list each)*:

(a) _See - Declaration of Briand Williams - herein_

(b) _See - Statement of Facts with Exhibits - herein_

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _December 29th, 2015_

(6) Result _Denied Without Prejudice_

_____

(7) **Was an evidentiary hearing held?** ☐ Yes ☒ No

b. (1) Name of court: _LASC_

(2) Case number: _BA 377.243_

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _February 15th, 2016_

(4) Grounds raised *(list each)*:

(a) _See - Declaration of Briand Williams - herein_

(b) _See - Preludes - herein_

(c) _See - Statement of Facts - herein_

(d) _See - Procedural History - herein_

(e) _____

(f) _____

(5) Date of decision: _None Yet - Still Pending_

(6) Result _Waiting Now_

_____

(7) **Was an evidentiary hearing held?** ☐ Yes ☐ No

c. (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?   ☐ Yes ☐ No

7. Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

8. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:** *Exhaustion Requirement:* In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a. Ground one: *See Section: IV pgs. 1-30 herein*

_____

(1) Supporting FACTS: *See Section: IV pgs. 1-30 with attached exhibits.*

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes ☐ No

b. Ground two: *See Sections: I Thru V, all pages herein*

_____

(1) Supporting FACTS: *See Sections: I Thru V, with attached exhibits.*

_____

# SECTION

# I

## DECLARATION OF BRIAND WILLIAMS

I, **BRIAND WILLIAMS,** declare as follows:

1. I am the Defendant in Propria Persona in the above entitled matter.

2. Each fact set forth herein is within my personal knowledge and if called upon to testify, I would do so.

3. That I have *{never}* signed or placed my initials upon any form **ever** titled: "NOTICE OF SEX OFFENDER REGISTRATION REQUIREMENT"

4. Nor have I ever signed or placed my initials upon any form **ever** titled: "SEX REGISTRATION / CHANGE OF ADDRESS / ANNUAL OR OTHER UPDATE – 290 P.C."

5. I am informed and believe that this form listed herein above in paragraph number four (4) is obtainable in every police station and *[must]* be kept on file each year for individuals who have provided pertinent information about themselves as need be and required by whichever laws are in effect.

6. On December 23, 2010 I did obtained the services of handwriting and fingerprint expert KURT E. KUHN of **FORENSIC CONSULTING SERVICE** for fingerprinting and handwriting analysis to examine each one of the *(copies)* submitted by the People as exhibits in the following Case Numbers: *BA119173 (1996); BA377243 (2010); BA404996 (2012); BA418076 (2013)* in Mr. Kuhn's opinion the documents are forged, altered & have been used with white out as reflected in the trial court file as **Exhibit "F"**(Case No. BA377243 Motion for New Trial) filed and held on April 6 and 9, 2012 revolving from the predicated **Case No. BA119173.**

7. Each current and past case number that I am currently named in as the defendant I am being charged with for allegedly "FAILURE TO UPDATE REGISTERATION ANNUALLY" and **is without merit** due to the fact that: "There is *[no evidence submitted by the people]* that the defendant has **[Actually]** ever registered as a sex offender as required on the form titled: "SEX REGISTRATION / CHANGE OF ADDRESS / ANNUAL OR OTHER UPDATE – 290 P.C."

**Page Two (2) of Four (4)**
**Declaration of Briand Williams**
**February 15th, 2016**

Therefore a defendant cannot be charged and convicted with failing to Register under Penal Code Section 290.012, subdivision (a). The term "Following registration" is meaningless when there is no registration to Follow. Defendant cannot be required to "register annually, within five Working days of his or her birthday to update his or her registration…." Where there is no previous registration to update. (§290.012, subd.(a); Emphasis added.) And the defendant has never been advised to do so for any case stemming from over twenty (20) years ago. *It's just Prejudicial and the defendant would not have never entered into any kind of a plea – bargain agreement had he been told of this type of commitment was going to be required of him somewhere down the line in his unforeseen future.*

8. It is clearly a breach of the Oral Agreement long after the Petitioner has completed his three (3) full years of {Formal Probation} beginning on July 16th, 1996 and ending on July 16th, 1999. (See, **Santobello vs. N.Y.,** (12-20-1971) 404 US 257. The State of California cannot just show up with a warrant nearly Fifteen (15) years after the Plea – Bargain Agreement and Eleven (11) yrs. after the ending of the Petitioner's probation has thus far been terminated and start demanding to amend the old agreement from 1996. The Petitioner has kept his part of the deal and so must the State.

9. A Judicial Admission has been made by the now retired **Mr. Brentford J. Ferreira,** Deputy-in-Charge of the Habeas Corpus Litigation Team of the Los Angeles County District Attorney's Office on August 2nd, 2011 in his response to the Petition's Petition for Writ of Habeas Corpus. "In the instance case, we have **No Transcripts** of the sentencing hearing. **None,** could be found in the court's file **or the District Attorney Files. Nor is there evidence of any minute order** reciting an advisement by the court of the **Registration Requirement.** There is also **nothing in the probation Report putting Petitioner on Notice of the Registration Requirement."** **(See Also, People vs. Rogers,** (1967) 252 C.A. 2d1015, 1020.)

10. Petitioner, is entitled to the specific Performance of the **July 16th, 1996 Plea Bargain,** and furthermore excerpts and case citing come from: **Stogner vs. California,** (2003) 539 US 607. **"REVERESED."**

Page Three (3) of Four ( )
Declaration of Briand Williams
February 15th, 2016

11.    Absent a record that the court provided all of the necessary advisements
required by Penal Code Section **§1016.5, subd. (b)** The defendant shall be
presumed to not have received the required advisements" **(§1016.5 (b).)** the
Petitioner herein and the District Attorney's Office has documented that
the reporter's transcripts and court reporter's notes of the No-Contest Plea
– Bargain Agreement hearing have been destroyed, probably by or
authorized under Government Code Section 68152.

12.    The Attorney General should recognize that under **People vs. Sup. Ct.
(Zamudio)** (2000) 23 Cal. 4th 183, 203-204, a defendant, who failed to
objection to omitted or incomplete advisements, would not be barred from
pursuing a post judgment motion to vacate where he may not have been
aware of the possibility of immigration consequences or for that matter
*[any and all other types of consequences]* at or before sentencing and,
therefore, had no reason to question the adequacy of the trial court's
advisements on appeal from the judgment. {How does any defendant know
when a Proper or Improper Advisement is or is not being given to him or
her? Isn't it the defendant's Attorney's Job and the Court's Job to see so?

13.    "In such a situation appeal from the judgment is an adequate remedy;
allowance if an appeal from the order denying the motion to vacate would
virtually give any defendant two (2) appeals from the same ruling and,
since [there is no time limit] within which the motion maybe made, would
in effect indefinitely extend the time for an appeal from the judgment."
**(People vs. Totari,** (August 8th, 2002) S091459.)

14.    Additionally, the document(s) which the District Attorney's office
appears to rely upon dated: July 14, 2009 has been *altered, and used with
white–out,* and is with reference to a *Case #BA119173* that was *dismissed
by the People on April 17th, 1996* where thereafter the defendant was
ordered to be immediately release up under Release No. 376132.

Page Four (4) of Four (
Declaration of Briand Williams
February 15th, 2016

15.    The Petitioner has never used any **"Lack of Due Diligence"** to counter-
act against this issue, because since the Petitioner had never had and any
prior arrest for any alleged Penal Code §290. Violation(s) Why, should he
had been concerned with worrying about getting arrested for something of
this nature when he had never been told to allegedly register for any reason
especially by the sentencing court some nearly twenty (20) years ago now.
(See, the following supporting Cases: **Bunnell vs. Sup. Ct.,** (1975) 13 Cal.
3d 592; **In Re Birch,** (1973) 10 Cal. 3d 314, 321; **Kercheval vs. US,**
(1927) 274 US 220, 223; **Lambert vs. California,** (1957) 355 US 225;
**People vs. Mancheno,** (1982) 32 Cal. 3d 855, 860; **US vs. Carter,** (4th Cir.
1972) 454 F.2d 426, 428; **US vs. Marion,** (1971) 404 US 307, 322; **US vs.
Kubrick,** (1979) 444 US 111, 117.

16.    Petitioner, herein doesn't have to Lie about what the Plea – Bargain
*"Wobbler"* Charge was because it is ***"ALREADY"*** Clearly written down
on the Court's own paperwork in the exhibits outlined herein. Beside the
Petitioner "MUST" be given proper Notice (if any) and be told of all
magnitude(s) of the consequences of any plea, and this court cannot get
around that, even when **Mr. Brentford J.  Ferreira,** has already given the
Petitioner a Judicial Admission and have "Conceded" in the District
Attorney's own previously filed ***"Return"*** that the Petitioner was "Never"
Admonished. (See, **People vs. King,** (2007) 151 C.A, 4th 1304; **People vs.
Walker,** (1991) 54 Cal 3d 1013.)

17.    The ORIGINAL STATUTE OF LIMITATIONS began, (If There was
a Requirement to Register back then) would have begun "Right After
Petitioner's Release from the LASC **and** The LASD *On or about July
16th, 1996"* Not on or about October 20th, 2009 as the Respondent are
trying to claim. (See, **Jackson vs. Virginia,** (1979) 443 US 307, 316.)

I declare under penalty of perjury that the foregoing is true and correct, executed at
Los Angeles, California on the 15th, day of February 2016

Briand Williams, Petitioner

# PRELUDES

**On or about September 26, 1995** the defendant herein, **BRIAND WILLIAMS** was arrested for a felony charge based off information in the Police arresting report **DR #95-0310584,** and a felony complaint had been filed against said defendant with a **Case Number BA 119173.**

**On or about April 17th, 1996** on the People's own motion case number BA 119173 was dismissed against the defendant herein and the defendant was ORDERED RELEASE by the court under release number **#376132 (See Attached Exhibits – A)**

**On or about April 18th, 1996** the defendant was rearrested again for the very same dismissed charge based off of the same **DR #95-0310584** *but with a new* **Case Number BA 130843** even though in this same filed report the alleged victim [did not give any] verbal or written physical description of the defendant ever herself from what the defendant recalls being told by his then Public Defender John Martinez.

**On or about July 16th, 1996** the defendant through the ill induced mis-advisement by False Representation of defendant's Court Appointed Incompetent I.A.**C. Public Defender** and by the Judge of the sentencing courtroom whom had even told him that it was in the defendant's best interest to accept the Plea Bargain-Agreement because the defendant would be released on that very same day and be free again to go about his life once again, and that this could be put all behind him to go home.

**This waiver of defendant's Fundamental Constitutional Rights** was not knowingly or intelligently or voluntarily. Defendant would not have Plea No Contest to a Plea of Penal Code Section §261.5 (c) had he known that his then counsel was not giving him the effective assistance

1

of counsel that he deserved which really should have been the right to effective assistance of a counsel.

Defendant was placed on three (3) years formal probation which he completed without any violations and even a follow-up on his probation status was held on **August 4, 1998 (See Attached Court Certified Exhibit–B)** and probation was continued without any further disruptions in **Case Number BA 130843,** nor was the Defendant in any violations of the **Cal. PC §290.018(k) (See Exhibit –B, Pg. #2)** because he was *{never required to register for any alleged §290. sections}.*

**On or about July 12, 2009** the defendant was arrested at his home of **2403 W. 75th Street, in Los Angeles, California 90043** for an alleged complaint in violation of CPC §422. By the LAPD 77th Street Division, and was given the booking number #**1979914.**

Although the defendant was detained for only 72hours he was released by the very same agency on July 14, 2009 and was **{never}** transported to the Los Angeles Men's Central Jail aka: LAMCJ **(See Attached Exhibits–C) The Pet'r was given a "certificate of release."**

On October 28, 2010 the defendant was arrested based upon false information in a LAPD **Report DR # 10-1218680** dated June 18, 2010 and July 9, 2010 that was made by the defendant's brother who had came to live with the defendant after being homeless down in San Diego during the month of November in 2009 and a felony complaint had been filed against said defendant with a **Case Number BA 377243.**

While in the LAMCJ and acting in his own defense as a Pro Per, Defendant on December 23, 2010 obtained a court order for a Handwriting Expert by the name of Kurt E. Kuhn **(See Attached Exhibits – D)** due to the fact that the LAPD along with the State of

California was stating in their moving papers that the defendant had [failed to update his alleged registration for **Case Number BA 119173**] that was dismissed back on April 17, 1996. **(See Attached Exhibit – E) and the Defendant was not on any Probation on July 14th, 2009. That had expired three (3) years later after July 17th, 1996.**

Defendant also obtained a court panel investigator by the name of Armando V. Lopez to go serve SDT's upon the LAPD for record information surrounding this charge and to go pull court case information for both of the previously filed cases against the defendant. (BA119173 *and* BA130843)

Although Mr. Lopez was successful in getting the LAPD to respond to the SDT, the court files became unsuccessful, **(See Attached Exhibits – F *and* up under the CPC §1016.5 as Exhibit-G.)** the "T/S do not exist for the Plea Agreement any longer" says: **Mr. Ferreira. Petitioner is entitled to withdraw from the Oral Plea Agreement at this Point.**

After the defendant's Trial held on March 14, 2011 and without the use of defendant's expert witnesses **(See Attached Exhibit–H)** and with the use of *[false testimony]* by the people's ***LASD Deputy Ralph Olivas,*** the defendant was found Guilty. **(See Attached Exhibit–I) which is contradictive to Exhibit–C herein above because the defendant could not have be in two (2) places at the very same time on the very same date. The Pet'r was never housed in the LAMCJ/TTCF as stated.**

Defendant than obtained the Legal Services of CORREA & OSUNA to come in and clean up the mess left behind by the court appointed bar panel attorney Robert Bob Cohen who did not introduce any of the above beneficial evidence at trial in the defendant's behalf which would have contradicted the live testimony of the LASD Officer and he did not purposely produce the defendant's much needed witnesses for their testimony in the defendant's behalf at the March 14, 2011 trial. **(Ex-H)**

Claudia Osuna **(post trial counsel)** sent her investigator down to the courthouse archives to pull the plea-bargain deal showing that the defendant plead to the penal code §261.5 (c) which *[did not require]* him to have registered after *not only completing formal probation* but after nearly fifteen (15) at that time in the year 2010. **(See Attached Exhibits – J)** It was only then that the defendant had been informed of the *Clerical Court Error* that the arresting charge had not been changed to the Plea-Bargain Charge that the defendant was given by and through his ill induced mis-advisement by False Representation of defendant's Court Appointed Incompetent **I.A.C. Public Defender** and by the Judge of the sentencing courtroom whom had even told him that it was in the defendant's best interest to accept the Plea Bargain-Agreement because the defendant would be released on that very same day and be free again to go about his life once again, and that this could be put all behind him to go home.

Ms. Osuna also served an SDT upon the LASD Custodian of Records and Identification Department to see what they may have as far as what was 'if any requirements were given to the defendant at the immediate time of his being release back on July 16, 1996', **(See Attached Exhibits – K) but there was nothing.**

While Defendant was being housed within the LASD MCJ for nearly two (2) years from October 28, 2010 *up until his transfer* to Ventura County **on October 12, 2012, (See Attached Exhibit – L)** and in between that time the defendant had another attorney by the name of Leonard Levin came in and filed a Motion to Recall his sentence from April 9th, 2012 **on August 6th, 2012. (See Attached Exhibit – M)**

4

After the defendant received the time served sentence on October 5, 2012 and was transferred to Ventura County on October 12. 2012. **(See Reference to the letter 'L' above herein)**

Defendant had posted bail in Ventura County and upon returning to his home back at **2403 W. 75th Street, Los Angeles, California 90043.** The defendant was stunned to find out that his brother the very same one who had file the false complaint against him that had caused the false arrest of the Petitioner back on October 28th, 2010 was the very same person who had caused defendant's home to come burning down while he was housed in the LAMCJ during those two (2) years. **(See Attached Exhibits - N)**

Defendant was now forced to go rent out a room for the next couple of weeks less than a month whiles his home on **2403 W. 75th Street** was nearly completely rebuilt. **(See Attached Exhibit–O)**

**On or about November 16, 2012** after being in a Temporary Motel Room for **just under six (6) hours** to get out of the rain, in that early morning wee hours due to having missed the bus to get home and having no phone to call anyone to come and pick him up out of the rainy weather the defendant was arrested at the motel room for allegedly being in violation of penal code section §290.011(c) at dawn, under the previously pending **Case Number BA 404996,** although the defendant was not and had not been a transient based upon the **CPC §290.011(g).** **(See Attached Ex.–P)** *The case was finally dropped 3yrs & 3mos later.*

During the time the defendant was fighting the new filed charges in Case Number BA 404996 he had been admitted into the Emergency Room back on or about December 2nd, 2013 as a result of his lower back going out due to an injury to his L1 and L2. The clerk of the court had

call the emergency room to verify of his admittance at the request of the Honorable Maral Injejikian, but due to the various different medications that the defendant has been on for some years now he had missed his following court date which had been scheduled on December 12th, 2013 and his bail had been revoked and a Bench Warrant was issued in the amount of $70,000.00 which was something that the defendant didn't have nowhere near that type of money.

And while the above mention warrant was outstanding against the defendant, he was then charged with **Case Number BA 418076** for allegedly being in violation of penal code section **§290.012 (a)** (See Attached Exhibit – Q) and both case number revolve around the very same **Exhibit -E herein.**

On December 26th, 2014 the defendant *was untimely arraigned* for both *Case Numbers BA 418076* and for an unrelated charge in Case Number *BA 432381* stemming from an arrest on **December 22nd, 2014** and although counsel for the defendant had filed the required motion(s) and replied to the people's opposition surrounding the Defense request for dismissal for violation of the defendant's right to be arraigned under the 48hours arraignment rule; arguments were held on February 13th, 2015 but the motion had been denied in Department 37, by the Honorable Karla D. Kerlin.

On October 16th, 2015 the Defendant was due to be arraigned on all three Cases Numbers BA 404996, BA 418076 and BA 432381 but the defendant was only arraigned on just one of the case numbers, which was BA 4040996, due to the fact that this case was originally sent to Department 122 before the Honorable Craig E. Veals, but on the day of arraignment the Defendant himself had filed a 170.6 against Judge Veals and only Case Number BA 404996 was then transferred to Department 111; while both of the other two (2) cases were assigned to the Honorable C.H. Rehm Jr. in Department 130.

On October 19th, 2015 the Honorable Henry J. Hall, had made a verbal suggestion to the District Attorney that he believes that both Case Numbers BA 404996 and BA 418076 should be consolidated and tried together.

On October 30th, 2015 as the Defendant, was appearing in Proper he was served with the People's Joinder Motion **(See Attached Exhibit – R)** for Joinder of the Offenses even though the Defendant still had Private Counsel as listed up under the other two (2) case number that were in Judge Rehm Jr's courtroom **{BA 418076 and BA 432381}** but, Mr. Gary S. Casselman was not served although the People has the Defendant's Prior Private Counsel on their paperwork as the Attorney of Record for the other two (2) cases. Mr. Casselman was never served with the Joinder Motion which was scheduled to be argued sometime on or before December 8th, 2015 in Department 111 where somehow between October 30th, and November 30th, 2015 Judge Hall and/or the District Attorney's office had the other two (2) case files transferred from Department 130 into Department 111 even before the Joinder Motion could be heard or even possibly even denied. Not only was this *Judicial Misconduct and Prosecutor Misconduct* but it then cause the Defendant to not be timely arraigned on October 30th, 2015 taking the Defendant passed the agreed time wavier timeline that had been made with his Private Counsel in Dept. 130 before the Honorable C.H. Rehm, Jr., Judge on October 16th, 2015 and to arraign on October 30th, 2015, but this never takes place due to the *[Misconduct]* of the two court parties above.

After the Defendant moved for the Dismissal of the charges in both Case Number BA 418076 **and** BA 432381 on November 30th, 2015 the defendant also then filed a new 170.6 against Judge Hall on or about December 3rd, 2015 **(See Attached Exhibit –S)** in reference to the illegal move of transferring the other two (2) cases out of Judge Rehm Jr's courtroom prior to any Joinder Motion actually being heard.

7

Neither charges for Case Number BA 404996 **and** BA 418076 are valid due to the facts **and** evidence that the defendant has presented herein and that both of these current charges herein above listed currently along with the prior Case Number BA 377243 should have never been filed based upon the expert opinion of KURT E. KUHN of **FORENSIC CONSULTING SERVICE. The Authenticity is in Dispute.** The document(s) (See Attached Exhibits –E & T) have been *Forged, Altered, Additions and Alterations have been made as well as Deletions, Erasures, Indented Writing and/or Substitutions, with the use of White-out, in reference to* the **People's Exhibit – E** in which they so heavily rely upon, (See Reference to Letter 'R' above herein) again. This alleged Document dated: July 14, 2009 goes against the following Evidence Code Sections: 1200 through 1204; 1271; 1280; 1550.1(b); 1521 - 1523; 1530 -1531; 400 through 403; 500; 520; 550; 664; 702; and 785 because only the actual author or that of any other document(s) can attest to the correct or incorrect information upon their faces.

Bottom line argument is this: The Defendant cannot be held to answer for the long ago Dismissed Case Number BA 119173 which he was actually released on April 17th, 1996 and that is on the very face of their own document which clearly violates the Evidence Code in so many fashions that with all of its Alterations and White-outs clearly puts the **Authenticity of the Document(s)** before this court into some Serious Questioning position(s) that the People are relying on using for both currently pending Cases, BA432381 **and** BA 443387, against the Petitioner herein.

The Defendant has never been a Transient as outline in the Annotated Penal Code Section attached herein as Exhibit – P. His own paid rental receipt clearly shows (See Exhibit-O) where he was residing at during the alleged time frame that the People are trying to alleged that he was based upon their own alleged state of belief and the Defendant would have had to been a Transient at least for thirty (30) even prior til the time frame in which they are currently alleging that the Defendant was in an alleged Transient mode.

Each current and past case number that I am currently named in as the defendant and where I am being charged with for allegedly "FAILURE TO UPDATE REGISTERATION ANNUALLY" is without merit due to the fact that: "There is no evidence submitted by the people that the defendant has [Actually] ever registered as a sex offender as required **on the form titled:** "SEX REGISTRATION / CHANGE OF ADDRESS / ANNUAL OR OTHER UPDATE – 290 P.C." Section 290.012(a) is an entirely inappropriate charge, as well as Section §290.11(c) **was** and Section §290.015(a) **is now.**

## CONCLUSION

Therefore a defendant cannot be charged and convicted with failing to Register under Penal Code Section 290.012, subdivision (a). The term "following registration' is meaningless when there is no registration to Follow. Defendant cannot be required to "register annually, within five Working days of his or her birthday to update his or her registration…." *Where there is no previous registration to update.* (§290.012, subd.(a); Emphasis added.) And the defendant has never been advised to do so for any case stemming from over twenty (20) years ago. *It's just Prejudicial and the defendant would not have never entered into any kind of a plea – bargain agreement had he been told of this or that type of commitment was going to be required of him somewhere down the line in his unforeseen future.*

The People's argument in the instant Prosecution is based on an alleged Violation of a purported alleged signed promise to register.

However, the Document was never signed by the Defendant as he has declared and has been and is supported by an opinion of a Professional Handwriting Expert. And the Underlining alleged offense was Dismissed once back on April 17th, 1996, [BA119173] by the District Attorney Office themselves and was then re-filed later again up under a completely new and different case number, but was identical in the re-filing of the allegations alleging the same act, the same dates and/or violation of law.

Again, it is clearly a breach of the Oral Agreement long after the Petitioner has completed his three (3) full years of {Formal Probation} beginning on July 16th, 1996 and ending on July 16th, 1999. (See, **Santobello vs. N.Y.,** (12-20-1971) 404 US 257, See Exhibit-U) **and** (See Exhibit-V) **In re Demillo,** (6-13-1975) 14 Cal. 3d 598 on the Statute of Limitations.

The State of California cannot just show up with a warrant nearly Fifteen (15) years after the Plea – Bargain Agreement and Eleven (11) yrs. after the ending of the Petitioner's probation has thus far been terminated and start demanding to amend the old agreement from 1996. The Petitioner has kept his part of the deal and so must the State.

The ORIGINAL STATUTE OF LIMITATIONS had began, (If There was a Requirement to Register back then) would have begun "Right After Petitioner's Release from the LASC **and** The LASD *On or about July 16th, 1996"* Not on or about October 20th, 2009 as the Respondent are trying to claim. (See, **Jackson vs. Virginia,** (1979) 443 US 307, 316)

Back on **June 8th, 2012** Pet'r herein files a Sixteen Pg. NOA with Forty-Five (45) direct issues to be address on appeal, then on **Dec. 3rd, 2012** Pet'r files his 2nd NOA for BA377243. *(See Exhibit-W)*

On **October 5th, 2012** the Second Appellate Court appoints counsel for appeal. (See Exhibit-X) On March 8th, 2013 appellate counsel files request to consolidate my two (2) files appeal. (See Ex. – Y) **but prior til appointed counsel had sent me a letter requesting for me to tell him in my own words the issues that I wanted him to address on appeal,** (See Exhibit – Z) **but he never raised not one of my issues.** My Appeal Atty. Was an Incompetent I.A.C.

**Even though I would send him emails, I would also ship to him copies of all of the court documents & exhibits used in the trial.**

10

For the convenience of the court, the Defendant hopes that the Chronology of the important events along with the attached exhibits herein helped shed a lot of light on a prior case that has already on been Dismissed that the People are trying to use in support of their new cases and charges against the Petitioner, for **BA432381, BA443387** after the illegal trial of Case No. BA377243.

**Dated: February 15th, 2016**        **Respectfully Submitted,**

**Briand Williams, Pet'r in Pro Per**

# STATEMENT OF FACTS

❖ Petitioner had constantly kept arguing with his appointed appellate attorney Mr. Richard Michael Doctoroff SBN 47690 about not only filing a Petition for Writ of Habeas Corpus, in appellant's behalf but appellant had been sending emails to Mr. Doctoroff and receiving emails from Mr. Doctoroff since May 19, 2013 up until October 24, 2014. (See, Attached Exhibits: One (1) – Seven (7).)

❖ As this court will be able to see from the documents that petitioner will be providing with this Petition that Mr. Doctoroff not only didn't obtain all off petitioner's needed paperwork. (See, Attached Exhibit: Eight (8) but Mr. Doctoroff was such *Inexperienced Seriously Incompetent Ineffective Assistant of a court appointed appellate attorney* that he had filed a request with the Criminal Appeals Clerk at the LASC with another defendant's name, under my appellate case number, and with that other defendant's trial case number referencing to another trial with a totally different Judge. (See, Attached Exhibit: Nine (9)) *and then mailed the same document to various places.*

❖ Between November 5, 2014 and November 24, 2014 the Supreme Court of California had [DENIED] my Petition for Review and I was then notified by Mr. Doctoroff, and on December 5, 2014 the Second Appellate Court ad issued the "REMITTITUR". (See Attached Exhibits: Ten (10) and Eleven (11).)

# Procedural History

• On October 21, 2010 a felony Complaint for Arrest Warrant was signed and filed in the LASC and the Petitioner was arrested at his home of twenty (20) years on October 28. 2010 at 6:45am by the LAPD 77th Street Division. (See, Attached Exhibit: Twelve (12) and Declaration of Briand Williams, Ibid.)

1

- Petitioner was arraigned on October 29, 2010; and later had {["WAIVED"]} his Preliminary Hearing back on November 15, 2010. (See, Attached Exhibit: Thirteen (13) **People vs. Peyton,** (2009) 176 C.A. 4th 642, 652.

- On November 29, 2010 the Petitioner was arraigned on a LASC filed Information which alleged that on or about October 25, 2009 the Petitioner had committed a crime. (See, Attached Exhibits: Fourteen (14).)

- On February 8, 2011 the court illegally allowed the D.A. to Amend the filed Information and my ***Inexperienced Seriously Incompetent Ineffective Assistant of a court appointed trial attorney Robert (Bob) J. Cohen, SBN 79891*** failed to argue that once the Prelim. Hearing was waived the Amendment was illegal. (See Attached Exhibits: Fifteen (15).)

- On March 14, 2011 before trial the court illegally allowed the D.A. to Amend again the filed Information and my ***Inexperienced Seriously Incompetent Ineffective Assistant of a court appointed trial attorney Robert (Bob) J. Cohen, SBN 79891*** failed to argue that once the Preliminary Hearing was waived the Amendment was illegal. (See Attached Exhibits: Sixteen (16).)

- On March 22, 2012 after trial the court illegally allowed the D.A. to Amend again the filed Information for a third (3rd) time and Overruled the petitioner's Objection that once the Preliminary Hearing was waived the Amendment was illegal. (See Attached Exhibits: Seventeen (17).)

- On March 22, 2012 after trial the Petitioner makes his Objections and arguments regarding the alleged fingerprints and is overruled by the court. (See Attached Exhibits: Sixteen (18).) This was listed to be appealed as issue No. 40 on my NOA.

- On March 23, 2011 one year prior the court ordered that the trial and Marsden Hearing transcripts be transcribed and delivered to Petr's Post Trial Attorney Claudia Cecilia Osuna-Hernandez, SBN 265252. **(See Attached Exhibits: Nineteen (19).) X-reference exhibits four (4) and nine (9) in CV-11-08232-JVS (MLG) and CV-11-09082-JVS (MLG).**

- On April 6, 2012 one year and twenty-three (23) days later, Petitioner finally argues his Motion for a New Trial where at pgs. **Twenty (20) thru twenty-eight (28) of the morning transcripts and from the afternoon transcripts within pgs. two (2) thru twenty (20) and Twenty-four (24) thru twenty-six (26)** the D.D.A. Shadi Kardan SBN 254273 admits that she willfully did not turn over the Rap-sheet discovery of one of the people's witnesses before, during or even to offer to the defense after the trial had been since over. **(See, Attached Exhibits: Twenty (20) and twenty-one (21).)**

- On April 9, 2012 Petitioner gives his closing arguments after the D.D.A. replies too his April 6, 2012 arguments. **(See, Attached Exhibit: twenty-two (22).)**

- On January 23, 2013 in reference to Exhibit-Z, in Volume One, this letter was part of my outlined answers to his requested October 31, 2012 letter, **(See, Attached Exhibit: twenty-three (23))** and I had sent him a complete copy of my June 8, 2012 filed Seventeen (17) page(s) Notice of Appeal (NOA) outlined with the case laws forty-five (45) issues that I had fought with him to raise in my direct appeal and by way of a Petition for Writ of Habeas Corpus and after the filing and being granted a Motion to Recall my April 9, 2012 sentence; back on August 6, 2012, *(See, Exhibit –M, in Volume One.)* Petitioner was resentenced to {["TIME SERVED"]} on October 5, 2012 and thereafter on December 3, 2012 Petitioner files his second NOA also listing eight (8) – ten (10) additional issues to be added to the June 8, 2012 already previously filed NOA.

3

- On June 26, 2013 in reference to Exhibit-Z, in Volume One, again I had sent him this 2nd letter also as a part of my outlined answers to his requested October 31, 2012 letter, (See, Attached Exhibit: twenty-four (24)) and he followed-up by sending me a letter. {See Ex. 24.}

- On July 2, 2013 I had send by Certified Mail a separate letter to the California Appellate Project's Executive & Assistant Director's and also to Attorney Nancy Gaynor over at [CAP] re: Mr. Doctoroff. (See Attached Exhibit: twenty-five (25)) and what my appeal needed.

Petitioner, brings forth this writ with the supporting case laws due to the Fact that these issues must first be brought to the state level front door prior to any Federal Review:

- Martinez vs. Ryan, (2012) 556 US ___, No.10-1001;
- Cuyler vs. Sullivan, (1980) 446 US 335, 344-45;
- McMann vs. Richardson, (1970) 397 US 759, 771 n.14;
- Harris vs. Reed, (1989) 489 US 255, 262;
- Young vs. Vaughn, (3rd Cir. 1996) 83 F. 3d 72,78;
- Williams vs. Edwards, (2nd Cir. 1999) 195 F. 3d 95, 96;
- Ferreira vs. Ashcroft, (2004) 382 F. 3d. 1045, 1051;
- Campusano vs. US, (2nd Cir. 2003) 342 F. 3d 321, 326;
- US vs. Poindexter, (4th Cir. 2007) 492 F. 3d 263, 267-73;
- Hill vs. Lockhart, (1985) 474 US 52, 57-58;
- Strickland vs. Washington, (1984) 466 US 668;
- US vs. Wade, (1967) 388 US 218, 226;
- Iowa vs. Tovar, (2004) 541 US 77, 81;
- Padilla vs. Kentucky, (2010) 559 US ___, (Slip op., @ (16));
- Holland vs. Florida, (2010) 560 US ___, (Slip op., @ (18));
- Marrow vs. US, (9th Cir. 1985) 772 F. 2d 525;
- Potomac Oil Co. vs. Dye, (1909) 10 Cal. App. 534, 537;
- Boykin vs. Alabama, (1969) 395 US 238
- In re Tahl, (1969) 1 Cal. 3d 122
- Bullcoming vs. New Mexico, (2011) 564 US ___, [131 S. Ct. 2705];

4

- Crawford vs. Washington, (2004) 541 US 36;
- Harrington vs. California, (1968) 395 US 250;
- Melendez-Diaz, vs. Massachusetts, (2009) 557 US ___, [129 S. Ct. 2527, 174 L. Ed. 2d 314];
- North Carolina vs. Alford, (1970) 400 US 25;
- Powell vs. Alabama, (1932) 287 US 45;
- Turner vs. Duncan, (1998) 158 F. 3d 449;
- US vs. Cronic, (1984) 466 US 648;
- US vs. Marion, (1971) 404 US 307;
- Jackson vs. Virginia, (1979) 443 US 307;
- US vs. Lovasco, (1977) 431 US 783;
- US vs. Frederick, (9th Cir. 1996) 78 F. 3d 1370;
- Bunnell vs. Sup. Ct., (1975) 13 Cal. 3d 592;
- In re Birch, (1973) 10 Cal. 3d 314;
- People vs. Ledesma, (1987) 43 Cal. 3d 171;
- Wright vs. Sup. Ct., (1997) 15 Cal. 4th 521;
- People vs. Benavides, (2005) 35 Cal. 4th 69;
- People vs. Picklesimer, (2010) 48 Cal. 4th 330;
- People vs. Mendoza Tello, (1987) 15 Cal. 4th, 264
- People vs. Zaidi, (2007) 147 Cal. App. 4th 1470;
- People vs. King, (2007) 151 Cal. App. 4th 1304;
- US vs. Auten, (5th Cir. 1980) 632 F. 2d 478;
- US vs. Perdomo, (3rd Cir. 1991) 929 F. 2d 967;
- Carey vs. Duckworth. (7th Cir. 19840 738 F. 2d 857, 878;
- Smith vs. Cain, (2012) 565 US ___, #10-8145;
- Cone vs. Bell, (2009) 556 US ___, #07-1114;
- US vs. Young, (1994) 20 F. 3d 758;
- Berger vs. US, (1935) 295 US 78, 88;
- Banks vs. Dretke, (2004) 540 US 668, 698-99;
- People vs. Johnson, (2009) 47 Cal. 4th 668;
- People vs. Miranda, (2004) 123 Cal. App. 4th 1124;
- People vs. De Vaughn(1997) 18 Cal. 3d 889;
- In re Brown, (1973) 9 Cal. 3d 679.

**5**

# SECTION

# II

The following set of selected papers are By way of some further answers I/PETITIONER am incorporating from all of the original *Case Numbers* CV-**11-08232**-JVS (MLG); CV-**11-09082**-JVS (MLG); CV-**12-03018**-JVS (MLG); CV-**12-05824**-JVS (MLG); Letters of Communications to my Appointed Appellate Attorney Richard M. Doctoroff; The California Appellate Project; **Re:** LASC CASE No. **BA377243;** Second Appellate Cases **B241987**, **B245644** and Petition For Review By Supreme Court Argument Statements by reference(s) and by *[ALL]* prior filed statements under various sub-titles within any and all of those cases that is contain in each and every one of them and make them apart hereof my petition to PETITIONER, BRIAND WILLIAMS'S TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS BY A PRISON IN STATE CUSTODY 28 U.S.C. §2254 Filed this day February 17th, 2016, **Propounding Party:** BRIAND WILLIAMS

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## DECLARATION OF BRIAND WILLIAMS

I, BRIAND WILLIAMS, declare as follows:

1)     I am the defendant herein and I known now the following facts to be true of my own personal knowledge and if called as a witness I could competently testify thereto.

2)     I was arrested in the current matter of BA377243, at my home of the last fifteen (15) years on October 28th, 2010 at: 6:45 a.m. by the LAPD 77th Street Division for a Warrant that was requested on October 21st, 2010, and issued on October 22nd, 2010 by Honorable Judge Mary Lou Villar.

3)     At my arraignment date on October 29th, 2010 and during my meeting with my Public Defender, Mr. Baker Ostrin, as he was advising me of current charges. I had Immediately advised him that: "My No Contest Plea To The Charge of a Wobbler under 261.5(c) was not knowingly and intelligently made, in so far as I was also "Never" advised of its consequences back in July of 1996 because I was **"Never"** Ever Informed of any kind of a admonishment regarding registration for anything concerning P.C. 290 requirements from neither the sentencing court Judge or my Public Defender at no time during my plea, in That Case No.: BA130843

4)     I have always maintained my innocence back then in 1995-1996 since the accusations were first made against me and I am still maintaining my innocence even today on this New Charge and it currently appears to me that not only was the sentencing court also guilty of the inadequate and erroneous insufficient advisement but my Public Defender whom I had received serious incompetent advice from was an inadequate ineffective assistant of counsel prior to having me enter into a plea and my Public Defender did not protect my rights up under the California Criminal Defense and Practice as outlined in Chap. 1 during that time period.

5)     My arraignment Public Defender Mr. Baker Ostrin, then had told me that he was not going to be my court appointed Public Defender but that my assigned Public Defender would have to request the original file from archives so that they could take a look at what was done at the sentencing court.

6)    On **November 29th, 2010** the day of my arraignment in Superior Court, **Mr. Jorge Guzman,** my Public Defender had Ran into **Dept. 119,** and had handed my new case file charge to: Vivian McGuire of the alternative Public Defenders Office and had stated that there was a conflict of interest due to the previous. Public Defender Mr. Martinez whom had handled the **"1996" Case No. BA 130843,** Not advising me or giving me notice of any 290 registration requirements and that the Public Defenders office could not represent me now in this Case No.: **BA377243.**

7)    Once the **Honorable George G. Lomeli,** took the bench and went on the record, Ms. Vivian had stated on the record what had just happened regarding my case file just unexpectedly being given to her by Public Defender Jorge Guzman, and that the original case file needed to be ordered for "1996" in order to resolve the new charge that was now pending. All of these events had been taken down by court reporter Christine Taylor, in case No. BA377243.

8)    I have utilized the services of **ARMANDO V. LOPEZ,** a Licensed PI. Mr. Lopez was given, as his first priority, the task of obtaining the sentencing orders of the 1996 court. In order to do so, he had to track the file down to the archives and obtain the records. **Mr. Lopez** did **obtain copies of 13 pages** that were the latest that were in the file. **Of them, only three (3) were from the date of sentence** and we have copied them for you. The court and the people will note, there is a plea, the jail credit, the probationary term, and the fees. What is not there is any reference to registration. **There is no notice of admonishment to (me) the defendant regarding registration for anything concerning P.C. 290 Requirements.**

9)    According, I am requesting that the court grant this request to withdraw my plea and re-enter my plea of not guilty and Vacate, Arrest the Judgment and Dismiss this action **BA 130843** and Case No. BA 377243 with prejudice pursuant to **PC 1385,** and unless this is done I will continue to suffer from [both] of these cases for the rest of my life. It's been fifteen (15) long years now **without** any arrest from BA 130843 so why should I begin to suffer all over again.

10)    I have been **Illegally** incarcerated since **October 28th 2010,** on the inappropriate alleged new charge, and I am requesting an **O.R. Release for my Liberty back.** This has caused me to

have to many losses in my life since then. (**In Re Smiley** (1967) 66 Cal. 2d 606.) **In Re Hall**, (1981) 30 Cal. 3d 408; **In Re Lopez**, (1970) 2 Cal. 3d 141, 151; **In Re Kreitman**, (1995) 40 Cal. App. 4th 750, 752.


I declare under penalty of perjury that the foregoing is true and correct, executed at Los Angeles, California on the ~~3/65~~ 15th day of ~~August, 2011~~.

*February 2012*

Briand Williams

## INTRODUCTION

On **July 16th, 1996** defendant was told by his court appointed **Public Defender J. Martinez,** That this case was going to be again transferred out to another courtroom so that another Judge being assigned to his case on this last day of trial 60 of 60 would be able to accept his plea to the " **Wobbler**" charge and defendant was also told by his court appointed Public Defender that he was going to be pleading to the charge of **261.5 (c)** and would be Immediately Released that same day; to Time Served.

On **July 16th,1996** defendant pled No Contest to a **"Wobber"** charge of **261.5 (c),** and was sentenced to probation for three (3) years, 460 days credit was given for time- served, $200 in fines and fees. When the Original action was concluded on July 16th 1996, The court did not admonish defendant regarding registration for anything concerning P.C. 290 requirements. As will be shown **infra**, a plea taken without the required admonishment is illegal on its face and **void ab initio**. Further, the admonishment **MUST** be given before the plea is accepted **or** it is to no effect and no actions taken after the plea will make it effective. This requirement is Constitutional in scope and necessary in order to comply with the requirements of due process contained in the **Federal 5th and 14th Amendments and the California Constitution Art. 1 Sec. 7, 15, 16, 24 and 30.**

There is a requirement that before registration is required, there has to be an **Order** by the sentencing court to do so, and before that **ORDER** is effective, there **Must** be an admonishment to the defendant regarding that requirement, the scope of it and its' lifetime nature. The Plea is meaningless and the sentence should be " **Vacated, Arrested & Dismissed".**

## POINTS AND AUTHORITIES

On **July 16th, 1996** The defendant was **"NEVER" ORDERED** in any way to comply with the California Penal Code Section §290., 290.015, 290.016, and 290.017 (d), by the Sentencing Court, prior to being **Release by both the court and the Los Angeles County Jail Sheriff's Department.**

On or About **August 4th 1998** " The Court had done a probation Status check on the defendant and had continued defendant on this probation without any problems". There was **no violation** for P.C. Sec. **290.018 (K).**

On **July 17th, 1999** " The defendant was freed from the court and probation and has always resided in the state of California since the beginning of his release from custody on **July 16th, 1996** and has **NEVER** had a bench warrant issued **for any "Failure to Initial Register"** pursuant to **P.C. § 290.** (b), 290.10, 290.12(a), or under 290.013. The Defendant has always lived at his same home address **since 1996 for over fifteen (15) years now.**

If the defendant was ever in violation of P.C. 290., it would have began **immediately** upon his release **the day after** July 16th, 1996 and the defendant **would not** have been release from his probation pursuant to **Section 290.018 (K).** In fact P.C. §801.1 (c). States: "Notwithstanding any other limitations of time described in this chapters, … prosecution for a felony described in subdivision (c) of Section 290 "**SHALL**" be commenced within 10 years after commission of the offense." The defendant **cannot be** charged and arrested **14years later in Case No.: BA 377243** for allegedly violating P.C. **§290.012 (a).**

The authorities were always aware of defendant's whereabouts at all times but it wasn't until October 21st, 2010 that they brought the new alleged action in Case No.: BA 377243, so long (**14years**) **after the plea** in the precedent case, is so unfair that it shocks the conscience of the law and the community. This action the subject of the Non-Statutory, common law motion identified in the caption and the basis for the statutory motion(s) as well.

Defendant asserts that the only remedy for him is that he be "**Forthwith**" allowed to Withdraw the Plea of the "1996" **Case No.BA130843** therefore allowing the court to Vacate, and Arrest of Judgment (**P.C.1185 and 1186**) for Dismissal and of the new alleged action in Case No.: BA 377243, (**P.C. 1185, 1186, 1187, and 1188**) with prejudice and the people being precluded from any further action against him regarding [**both**] subject matters and under the auspices of those P.C. Sections, Defendant is requesting that this court make the order of these cases.

Defendant **cannot be** "Legally Charged" under 290.012 (a) which states in part: "Beginning on his **or** her [**first**] birthday " **Following**" registration **or** change of address" in **Case No.BA 377243,** because defendant was "**Never**" **Ordered** to register by the sentencing court "with the Chief of Police, **or** the Sheriff" of the City **and/ Or** County" that he has maintain residence  in for over fifteen (15) years now. If defendant has "**Never**" **registered anywhere** in his life **or** throughout the U.S., then how can he be charged in BA377243, when there was **NEVER** a admonishment for P.C.290. Requirement in CASE No. BA 130843, Nor was he "**EVER**" given any advisement **of P.C. §1016.5 by the Court.** ✓

"A defendant must be allowed to withdraw his plea and complain that he was misadvised and has suffered prejudice thereby." **People vs. Picklesimer**, (2008) 164 Cal. App. 4th 723; **People vs. Garcia**, (2008) 161 Cal. App. 4th 475; and People vs. Picklesimer, (2010) 48 Cal. 4th 330, fn 2,5.

"Denial of Motion to Withdraw Plea is an abuse of discretion." **People vs. Harvey**, (1984) 151 Cal. App.3d 660, 667.

Procedural due Process requires Notice and the opportunity to be heard (and Mr. Williams was afforded neither). The requirement is in accordance with the 5th **and 14th Amendments to the U.S. Constitution and the California Constitution Art. I Sec. 7, 15, 16, 24, and 30.** (See, In Re Smith, (2008) 42 Cal. 4th 1251, 1255-1256.) Mr. Williams was denied his rights **under P.C. §1016.5.** ✓

In 2007, in both People vs. Zaida (2007) 147 Cal. App. 4th 1470, **"Notice must be clearly given at time of sentence,** "No substitution or inferential Notice", will suffice. "An admonition that simply informs a " defendant he or she will or may be subject to registration as a sex offender" pursuant to P.C. § 290, **undermines the Bunnell requirement** of advising on all direct consequences of a plea. The reference to an abstract statutory reference does not inform the defendant of registration's most dire

element. "Registration is not for a finite period, but will remain a requirement for the remainder of the defendant's life, with all its attendant shame, ignominy, and potential Limitation on employment and housing." Given the magnitude of the consequence, advising the defendant of the lifetime requirement of registration will not impose an undue burden on trial courts. Any additional burden is out weighed by the benefit of assuring that the defendant's waiver of his or her rights when entering a plea is voluntary and intelligent." And also in **People vs. King**, (2007) 151.Cal.App. 4th 1304 "Since the Appellant was not "Ordered… to register pursuant to this Section"… he did not violate Section 290 by failing to register. His conviction of violating Section 290 must be reversed." The Sentencing court is also **guilty** of the **Inadequate and Erroneous Insufficient Advisement** to Mr. Briand Williams in "1996".

In 1975, our Supreme Court in **Bunnell vs. Sup**. CT., (1975) 13 Cal. 3RD 592, held that the court record must reflect all material parts of the sentence " In all guilty plea and submission cases, the defendant "**SHALL**" be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, " REGISTRATION REQUIREMENTS," IF ANY (eg Section 290…) …" (emphasis added); **In Re Birch** (1973) 10 Cal. 3d 314, 321, "Failure to advise of sex Registration Requirement is error." See, also **Kercheval vs. U.S.**, (1927) 274 U.S. 220, 223, " The U.S. Supreme Court observed over 40 years ago that [out] of just consideration for persons accused of crime, courts are careful that a plea of guilty "**SHALL**" not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." **Santabello vs. N.Y.**, (1971) 404 US 257, 262; **U.S. vs. Carter**, (4th Cir. 1972) 454 F. 2d 426, 428.

In 1957, the U.S. Supreme Court Decided **Lambert vs. California** (1957) 355 US 225, hold that "We **Must** assume that appellant had no actual knowledge of the requirement" … " Engrained in our concept of due process is the requirements of Notice"… " Where a person did not know of the duty to register and where there was no proof of the probability of such knowledge he may not be convicted consistently with due process". Mr. Williams was denied the Plea requirements of **P.C. §1016.5**.

**People vs. Mancheno** (1982) 32 Cal.3d 855, 860 "**The 2nd Principle** is that parties "**MUST**" adhere to the terms of a plea bargain." Thus, it seems fairly well settled that no matter how you look at it, **unless Briand was given a pre-plea admonition** regarding a requirement to register the court is **required** to allow Mr. Williams to **withdraw the plea** of the "1996" Case No.: BA 130843   therefore allowing the court to Vacate, and Arrest of Judgment for Dismissal and of the New alleged action in Case No.BA 377243 **with prejudice under Section 1385.**

Since the people's **Corpus Delecti** cannot be shown with this necessary element deleted, Defendant moves for dismissal under **Section 1385** and the antecedent Case in "1996" **Case No. BA130843** , or if the case can not be dismissed by this Honorable Court, an order for an Arrest of Judgment (appropriate for a judgment on defendant's plea when the plea is shown to be illegal) **under PC 1185**. The Defendant, **Mr. Williams**, was NEVER told about [any] consequence of **P.C. §1016.5**.

The 5th and 14th Amendments to the U.S. Constitution Guarantees a Citizen the due process of law. ART. 1 Sec. 15 of the California Constitution Guarantees the same. The current prosecution against Mr. Williams under **Case No. BA 377243** is barred by California statutory law as determined in **Cal. P.C. Sections 800 et seq.** and specifically **section 801.1 (c).** (See, eg. **Stogner vs. California**, (2003) 539 US 607).

Mr. Williams is being prosecuted now after the expiration of the statute of limitations stemming from **Case No. BA 130843**, where as **§801.1 (c) prevents** the filling of the charges, which have been filed against the defendant. A criminal defendant cannot be prosecuted after the expiration of the statute of limitations; there is **" No Quanta"** of evidence sufficient to connect. (**U.S. vs. Marion, (1971) 404. U.S. 307, 322.**) This conclusion is reached because the passage of time erodes memories, or renders witnesses or other evidence unavailable. (**U.S. vs. Kubrick**, (1979) 444 U.S. 111, 117).

" When construing a criminal statute, words should be given their ordinary meanings." **People vs. Huricks,** (1995) 32 Cal. App. 4th 1201, 1213.) The words of Section 801.1 (c) have a plain meaning. The Words are: " if subdivision (a) does not apply, prosecution for a felony offense described in subd. (C) of section 290 **" SHALL"** be commenced **within 10 years** after commission of the offense." (Emphasis added.) The words **" in subd. (C) of Section 290 " SHALL"** where chosen by the legislature. **They cannot be ignored or dismissed as superfluous.**

" Ambiguities are normally resolved in a defendant's favor." **People vs. DeGuzman,** (2003) 113 Cal. App. 4th 538; **People vs. Simon,** (1995) 9 Cal. 4th 493, 517. But that Rule of statutory construction " applies only when some doubt exists as to the legislative purpose in enacting the law." **In Re Pedro T.** (1994) 8 Cal. 4th 1041, 1046.

The legislature wrote a statute. **It chose to be specific.** A criminal defendant is entitled to expect the words to mean what they plainly state. The meaning of a statute passed by the State Legislature should not depend upon expanding upon the meaning of those words. This is especially true where it is entirely unnecessary. Mr. Williams, was not given **[any]** time to consider the Plea **under P.C. §1016.5.**

**People vs. Huricks,** (1995) 32 Cal. App. 4th 1201, 1213, "When construing a criminal status, words should be given their ordinary meanings." A Writ of Mandamus (Mandate) lies generally to compel a court or its officer to perform an act that the law imposes as a duty, when no plain, speedy, and adequate remedy at law is available. (CCP §§ 1085-1086; **Payne vs. Superior Court,** (1976) 17 Cal. 3d 908, 925; **Loder vs. Muni. CT.,** (1976) 17 Cal.3 d 859, 863.) **In Re Bell,** (1942) 19 Cal. 2d 488, 501.

Mr. Williams is being denied due process of law under the **5th and 14th Amendments** to the U.S. Constitution.  There is nothing wrong with the statute. What is wrong is how it is being enforced here. It is submitted that the state legislature has established a plain language, clear statute of limitations in section **801.1(c)** of the California Penal Code. It is a simple enough matter. And finally, "with questions involving the applicability of the statute of limitations, the evidence must be construed in favor of the defendant." **People vs. Zamora,**(1976) 18 Cal. 3d 538.

On **February 15th, 2011 FACT**: **The Honorable Judge George G. Lomeli, in Dept. 100 (Supervising Judge)** had clearly told defendant's prior court bar appointed counsel, Robert (Bob) J. Cohen, SBN 79891, to clearly file Mr. Williams Motion to withdraw his plea in **Case No. BA 130843 from 1996, in Dept. 134** where the plea was accepted. The **Honorable Judge Lomeli,** even **"ORDERED"** that the transcripts of his **[Directive]** be transcribe **"FORTHWITH"** and that the Original Transcripts be placed in Mr. Williams' pending **[File]** (Case No. BA 377243) as a safeguard to the defendant showing, that counsel had been given notice to file said motion.

1    "The decision to move to withdraw a guilty plea belongs to the defendant. Counsel may not
2    simply refuse the defendant's request to make the motion. If counsel is not willing to make such a
     motion, new counsel should be appointed for the defendant." **People vs. Mcleod**, (1989) 210 Cal. App.
3    3d 585, 588; **People vs. Brown**, (1986) 179 Cal. App. 3d 207, 224.

4    "If the defendant wants to withdraw the guilty plea based on receiving serious incompetent
     advice from an inadequate ineffective assistant of counsel, the trial court should appoint new counsel to
5    represent the defendant on the motion to withdraw the plea." **People vs. Smith**, (1993) 6 Cal. 4th 684.

6    "A Defense counsel's **failure** to move to withdraw a plea of guilty at the defendant's request
7    when good cause exist is considered to be an inadequate ineffective assistant of counsel to the
8    defendant." **People vs. Osorio**, (1987) 194 Cal. App. 3d 183.

9    By Mr. Williams, Public Defender, and the sentencing court, in July of 1996, "Failure to specify
     the direct consequences of the plea" **(People vs. Walker**, (1991) 54 Cal.3d 1013, 1023) to Mr. Williams,
10   this was and has been a denial of both his California Constitutional Guaranteed Rights and his U.S.
11   Constitutional Guaranteed Rights. (See, **People vs. Stanworth**, (1974) 11 Cal. 3d 588, 596; **People vs.
     Miranda**, (2004) 123 Cal. App. 4th 1124). The **"Motion to Withdraw Plea"** should be **Granted.**

(12)

13   "When construing statute, a court must ascertain the intent of the Lawmakers so as to effectuate
     the purpose of the law. The court begins by examining the language of the statute, giving the words their
14   ordinary meaning. The words, however, must read in content, considering the nature and purpose of the
     statutory enactment. Each sentence must be read in light of the statutory scheme." **People vs. Castello**,
15   (1998) 65 Cal. App. 4th 1242.

16   Respectfully submitted,

17   CORREA & OSUNA LAW FIRM

18

19

20   Claudia C. Osuna
     Attorney for Briand Williams Defendant

21

22

23

24

25

26

27

28

## DECLARATION OF CLAUDIA C. OSUNA

I, Claudia Osuna, declare as follows:

1. I am an attorney duly licensed to practice in the State of California, State Bar Number 265252.

2. I have been retained by defendant Briand Williams to represent him on case number BA130843 and BA377243.

3. I contacted Mr. Baker Ostrin, public defender, who represented defendant Williams on October 29, 2010 with regards to case No. BA377243. Mr. Ostrin indicated to me that he did not recalled the file and that he would be unable to discuss with me any of his conversations with Mr. Williams.

4. I then contacted Mr. Jorge Guzman, public defender, who informed me, after reviewing his file, that he represented Mr. Williams on case No. BA 377243 shortly after Mr. Ostrin. Mr. Guzman indicated to me that Mr. Williams explained to him that public defender Mr. John Martinez represented him in case number BA130843. Defendant Williams told Mr. Guzman that during his plea of No Contest Mr. Martinez never informed Mr. Williams of any kind of admonishment regarding registration under PC 290 as it related to his BA130843 case.

5. Mr. Guzman informed me that following this disclosure by defendant Williams, he had no choice but to declare a conflict since Mr. John Martinez worked out of the same office as Mr. Guzman. It was at this time when an alternate public defender was appointed to Mr. Williams' case.

6. I then contacted Ms. Vivian McGuire who was the alternate public defender assigned to Mr. Williams' case. She informed me that she did not recall the facts of the case and did not have a file on the matter. After reviewing a small number of notes on her computer, she told me that she represented Mr. Williams for approximately 20 minutes, at which time Mr. Williams decided to go in pro per.

7. Mr. Robert J. Cohen took over Mr. Williams case and filed an assortment of motions none of which where either relevant to this case or followed Judge Lomeli's directive to file a motion to Withdraw the Plea on case number BA 130843. Where Judge Lomeli was clear in his directions.

8. In an effort to follow Judge Lomeli's directive we have attempted to obtain all relevant information to prepare the Motion to Withdraw the Plea on case number BA 130843. We sent a process server to obtain certify copies of the Court's file on case number BA130843. Mr. Dale Dombrowski, process server, was able to obtain three documents from the Courts file. Unfortunately, only one of the three could be certified.

9. I also, contacted Mr. John Martinez who was the Public Defender assigned to Mr. Williams' case back in 1996, under case No BA130843. Mr. Martinez informed me that he did not have recollection of the case as it had been so many years ago. Mr. Martinez is now in private practice and no longer has access to files or notes from the public defender's office.

10. These documents clearly indicate that there is a plea, the jail credit, the probationary term, and the fees. However, there is **no indication** of notice with regards to admonishment of defendant with regards to registration under PC 290 **or any other** requirements under PC 290 **e.g.** 296, 296.1 Out-of-Custody DNA Data Bank Samples and Print Impression Order under Cal. P.C.

11. I am requesting that the court grant this request to withdraw defendant's plea and re-enter plea of not guilty and Vacate, Arrest the Judgment and Dismiss this action <u>BA 130843</u> and <u>Case No. BA377243</u> with prejudice pursuant to PC 1385. It's been fifteen (15) years now without any arrest from <u>BA130843</u>.

I declare under penalty of perjury that the foregoing is true and correct, executed at Los Angeles, California on the _3/st_ day of August, 2011.

Claudia C. Osuna, Esq.

## PRAYER FOR RELIEF

Petitioner, further request of this Honorable Court To: "**Issue a Writ** directing the State of California, Department of Justice to Completely Delete **(Remove)** Petitioner from the "Sex and Arson Registry **(Hereinafter known as "CSAR")** having the following: **CSAR file No: C779818404561**"; up under a Department of Justice **(Hereinafter known as "DOJ")** file No. **CII-A07609741**; including but not limited to any other and all supporting documents pertaining to or related thereto which are documented in the State of California, DOJ "Sex Offender Tracking Program **(hereinafter known as "SOTP")** that identifies Petitioner as having to allegedly register as "SEX OFFENDER" **Pursuant to:** Megan's Law."

Petitioner, also request of this Honorable Court To: "**Notify:** the State of California, DOJ, Violent Crime Information Center – SOTP; P.O. Box 903387; Sacramento, Calif. 94203-3870; **Tel. Nos.** (916) 227-3244 or 3288 or 4816, by **fax** (916) 227-4345 or 4385 and "**Notify:** SOTP's Megan's Law Section; DOJ Rec. Review Unit; 4949 Broadway, Rm. H216; Sacramento, Calif. 95820;" **Attn:** Linda Schweig – Program Mgr.; Alyson Lunetta – Assist. Mgr.; and Johanna Williams – Keeper of Records; **Tel. Nos.** (916) 227-3832 or 4085 or 4974, by **Fax** (916) 227-4614."

**Pursuant to:** People v. Picklesimer, (2010) 48 Cal. 4th 330, (fn. 2; 5) "Accordingly, we hold a Petition for Writ of Mandate filed in the Trial Court is the proper way for a post custodial party to seek Hofsheier relief." (See, **People v. Hofsheier,** (2006) 37 Cal. 4th 1185.)

The action requested herein is based on violations of Petitioner's substantive and procedural due process rights under the **Cal. Pen. C., the Constitution of the State of California and the U.S. Constitution.**

## CONCLUSION

Unlike a petition for Writ of Habeas Corpus, a Petition for Writ of Mandate **does not require** ongoing custody; unlike a Post Judgment Motion, it is an independent proceeding that vests the Trial Court with jurisdiction to act. (See, **C.C.P. §1085;** Lewis vs. Sup. Ct., Supra at p.77) But once a defendant has been released and is no longer subject to parole or probation, he or she is no longer in constructive custody and this avenue is foreclosed. **(People vs. Villa, supra.)** "[C]ollateral consequences

of a criminal conviction – even those that can later form the basis of a new criminal conviction – do not of themselves constitute constructive custody." (Id. At p. 1070) Thus, a party no longer in constructive custody may not challenge his or her obligation to register as a sex offender by way of a petition for Writ of Habeas Corpus. (**In Re Stier**, (2007) 152 C.A. 4[th] 63, 81-84.)

"**Arguendo**," a plea taken without the necessary admonishment is illegal on its face and "**VOID**." There is a requirement that before registration is required, **there has to be an order of the sentencing court to do so, and Mr. Williams, was [N]ever provided with such.**

**Kercheval vs. U.S.**, (1927) 274 US 220, 223, "The U.S. Supreme Court observed **over 40 years ago** that [out] of just consideration for persons accused of crime, courts are careful that a plea of guilty "**SHALL**" not be accepted unless made voluntarily **after proper advice and with full understanding of the consequences.**" See, also **In Re Birch**, (1973) 10 Cal. 3d 314, 321, "Failure to advice of Sex Registration Requirement is error." (**Santabello vs. N.Y.**, (1971) 404 US 257, 262; **U.S. vs. Carter**, (4th Cir. 1972) 454 F. 2d 426, 428.) "**The 2[nd] Principle** is that parties "**MUST**" adhere to the term[s] of a plea bargain." **People vs. Mancheno**, (1982) 32 Cal. 3d 855, 860.

"**A FORTIORI**" **THE COMPLAINT REGARDING THE 1996 CASE SHOULD BE VACATED, ARRESTED AND DISMISSED "NUNC PRO TUNC" AS OF THE DATE OF THE JUDGMENT ALLOWING PLAINTIFF TO WITHDRAW HIS PLEA BECAUSE THAT JUDGMENT IS ILLEGAL ON ITS FACE, "IN TOTO".**

Dated: August 31st., 2011.                                    Respectfully Submitted,

Claudia C. Osuna, Esq.
Attorney for Briand Williams

The following set of selected papers are By way of some further answers I/PETITIONER am incorporating from all of the original *Case Numbers* CV-**11-08232**-JVS (MLG); CV-**11-09082**-JVS (MLG); CV-**12-03018**-JVS (MLG); CV-**12-05824**-JVS (MLG); Letters of Communications to my Appointed Appellate Attorney Richard M. Doctoroff; The California Appellate Project; **Re:** LASC CASE No. **BA377243;** Second Appellate Cases **B241987, B245644** and Petition For Review By Supreme Court Argument Statements by reference(s) and by *[ALL]* prior filed statements under various sub-titles within any and all of those cases that is contain in each and every one of them and make them apart hereof my petition to PETITIONER, BRIAND WILLIAMS'S TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS BY A PRISON IN STATE CUSTODY 28 U.S.C. §2254 Filed this day February 17th, 2016, **Propounding Party:** BRIAND WILLIAMS

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

January 23rd, 2013

**Mr. Richard Michael Doctoroff**
Appointed Appellate Attorney
523 Octavia Street
San Francisco, California 94102

**Via Certified Mail #7012-3050-0000-7337**

**Re: People vs. Briand Williams**
**Case Nos. B241987 & B246544**

Dear Mr. Richard M. Doctoroff, Esq.

As you are aware I have already sent you one full box of legal court documents that were either submitted at my hearing for a motion for a new trial or was mention within the transcripts on both of the **April 6th & 9th, 2012** hearing date.

As you are also aware that when I had hand written my filed Notice (NTC) of Appeal in the 1st, Case No. **B241987,** I had listed **Forty-Five (45)** detailed issues to be raised on appeal in that **sixteen(16) page filing** with copies being sent to both the **Second Appellate Court** and to **CAP** along with the supporting case laws and supporting documents in which you now have within your own hands and in the 2nd, Case No. **B246544,** I had listed a clear and to the point detailed listings of issues to be raised on appeal especially the **[denial]** of my **day for day** (2for2) **sentencing credits** that **Judge Clifford L. Klein** had totally refused to give me for a non-serious, non-violent, alleged crime.

Because there is **no valid reasons** for you to not raise all of my **valid issues** either on **direct appeal** or by way of a **Writ of Habeas Corpus,** I surely do not wish to come up behind you in the state level and have to re-file another Writ of Habeas Corpus to cover all of the issues that you have been & are totally currently aware of No matter how complex my case my seem due to it being nothing more than a paper trail issue, involving dates, and Non-proof by the state **without T/S** from the alleged **1996 plea bargain agreement** for the PC **Charge of a 261.5(c)** that I pled to.

Page Two (2) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013

Thank you as well for returning my phone call back today as well in relation to this letter herein and it's topic of discussion that we had conducted. I will try to send you a hard back copies of the two out of four pending Federal Writs that are now pending within the 9th CCA pertaining to **CV-11-8232 and CV-12-5084.**

As for now I am emailing you **Two (2)** highly important cases to support my **Writ of Habeas Corpus** that I am looking forward to you filing and serving along with my direct appeal in the near future with some other though research to help with my appeal.

### Notes for Appellate Counsel

"A petition for Fed. H/C relief maybe based on a violation of a Deft's 6th Amdt. Right to call witness & to present a defense." e.g. **Crane vs. Kentucky, (1986) 476 US 683.**

"The appellate court retains discretion to reach a question that has not been preserved for review, unless it relates to the admission of **Evid. Sec. 352-354."** **People vs. Williams,** (1998) 17 C. 4th 148,161 n6; People vs. Smith, (2003) 31 C. 4th 1207, 1215.

**People vs. Mendoza Tello,** (1997) 15 C. 4th 264, 266 (IAC appropriately brought by way of H/C.)

**US vs. Gigley,** (10th Cir.2000) 213 F. 3d 509, 516 n2 (court may review IAC Claim on direct appeal because record sufficiently developed); US vs. Greer, (11th Cir. 2006) 440 F. 3d 1267, 1272 (same); **US vs. Davis,** (8th Cir. 2009) 583 F. 1081, 1090-92(same); **US vs. Alferahin,** (9th Cir. 2006) 433 F. 3d. 1148, 1161 n6 (same).

**People vs. McNamara,** (1951) 103 C.A. 2d 729 **Re: Judge Clifford L. Klein's Orders Denying Arrest of Judgment. (Ref. USDC CV-11-8232 See, Exhibits Part 2of 2** (therein) **filed by Trial Counsel Robert Cohen** on behalf of Briand in State Trial Proceedings on **March 14th, 2011.)**

Page Three (3) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013

### Re: Appellate Court's Jurisdiction – Rev. of Criminal Convictions

**People vs. Willams,** (2007) 156 CA 4th 898, 905, 67 CR 3d 516; **People vs. Hyde,** (1975) 49 CA 3d 97; **People vs. Cavel,** (2002) 103 CA 4th 516.

Judge Klein **[MUST]** Tell why Briand's bail was **Denied Pending his appeal.** See the **April 9th, 2012** T/S. **"In re Podesto,** (1976) 15 C. 3d 921, 127 CR 97; **In re Pipinos,** (1982) 33 C. 3d 189; **In re Robinson,** (1971) 16 CA 3d 539
Judge Klein had **[abused]** his discretion in Denying Briand's Bail pending appeal while Briand had already served **nearly 75% of the imposed sentence** with credit's up under **AB 109.** (See, **In re Torres,** (1947) 80 CA 2d 579; **In re McCaughan,** (1956) 142 CA 2d 690; **In re Fishman,** (1952) 109 CA 2d 634-**Re: Stay; and PC Sec. 1272.1**

**People vs. Williams,** (2010) 49 C 4th 405, 459, "failure to object waives issue about admission or exclusion of evidence." But See, **(PC 1259) In re Lindley,** (1947) 29 C 2d 709, 723, "sufficiency of evid. claim **must** be raised on direct appeal **&** cannot be considered on habeas corpus." "Contentions that could have been, **but were not,** raised on appeal ordinarily **cannot be reviewed** in a Pet. For H/C." **In re Dixon,** (1953) 41 C 2d 756; This procedural bar is sometimes know as the **Waltreus Rule. See, In re Waltreus,** (1965) 62 C 2d 218; also **In re Harris,** (1993) 5 C 4th 813.

A Pet. For Fed. H/C relief may challenge the sufficiency of the evidence supporting a Verdict. **(Jackson vs. Virgina,** (1979) 443 US 307, **Vachon vs. New Hampshire,** (1974) 414 US 478, **Thompson vs. Louisville,** (1960) 362 US 199, **Miles vs Borg.** (9th Cir. 1991) 947 F. 2d 353, 356(fingerprint evidence found insufficient.)

### Speedy Trial Right's Violation
Robert Cohen's Failure to move for a Dismissal on **Feb. 10th, 2011** based on Non-Waiver by Briand. See, **T/S dated January 13th & 26th, 2011** "Cal. Const. Art. I Sec. 15 **and** US Const. 6th & 14th Amend. Along with **PC 1382" People vs. McCoy,** (1983) 147 CA 3d 638, 644 **Re: Speedy Trial Right's; Doggett vs. US,** (1992) 505 US 647.

Page Four (4) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013

**There was NO! Actus Reus; Mens Rea; Concurrence & Causation by Briand**

**Bell vs. German,** (1910) 12 CA 375 **Re:** Appellate Brief Writing.

What is **"Waiver & Forfeiture" Re: Appealable Objections** (See, **In re S.B.** (2004) 32 C 4th 1287, 1293; **People vs. Simon,** (2001) 25 C 4th 1082, 1097; **Cowan vs. Sup. Ct.,** (1996) 14 C 4th 367, 371.

**CRC – 8.224 Re:** Transfer of Exhibits to Appellate Court for Viewing.

Briand's trial Counsel had proposed & argued the **Statute of Limitations Incorrectly @ Trial** and in all of the previously filed motions **Re: PC 801.1(c). In re Demillo,** (1975) 14 C 3D 598 **(SEE, ATTACHED CASE HEREIN)**

"When the contention(s) cannot be adequately raised on appeal" Habeas Corpus in conjunction with an appeal is appropriate to raise issues wholly absent from the appellate record. **Example(s):** Claims of newly Discovered Evidence; Introduction of false evidence; Failure to disclose exculpatory evidence; IAC, claims because trial record may not show the reasons for the trial Atty's actions. **(People vs. Ledesma,** (1987) 43 C. 3d 1171) For the collateral attack on Constitutional grounds, The issues might be cognizable on appeal, but a Habeas Corpus Petition is required to fully address it.

**Potomac Oil Co. vs. Dye,** (1909) 10 CA 534, 537 " and there is no other plain, speedy and adequate remedy in the ordinary course of law, he or she is entitled as a matter of right to the writ, or perhaps more correctly, in other words, it would be an abuse of discretion to deny it."

The use of Prior Conviction in Subsequent Proceeding – Constitutionality **Brock vs. Weston,** (9th Cir. 1994) 31 F. 3d 887,888; **Custis vs. US,** (1994) 511 US 485; **Parke vs. Raley,** (1992) 506 US 20.
"A Constitutional error has caused a fundamental miscarriage of justice is one that has resulted in the conviction of one who is probably innocent." **Murry vs. Carrier,** (1986) 477 US 478, 476.

Page Five (5) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013


The Petitioner must pass through the **"Schlup** actual innocence gateway," by showing that in light of reliable new evidence that **was not introduced at trial,** "it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." **Schlup vs. Delo,** (1995) 513 US 298, 327.

The new evidence **need not be** "newly discovered," only "newly presented." **Griffin vs. Johnson,** (9th Cir. 2003) 250 F. 3d 956; See, **Sistruck vs, Armenakis,** (9th Cir. 2002) 292 F. 3d 669 (en banc). See also, **House vs. Bell,** (2006) 547 US 518, 538, (**Schlup** makes clear that the Habeas court must consider all the evidence old & new, incriminating and exculpatory, without regard to whether it would govern at trial.)

"When the Petitioner requires exculpatory evidence allegedly possessed by the state to provide a sufficient showing of factual innocence to satisfy the miscarriage – of – justice exception, the Federal Court can direct the state to come forward with any exculpatory evidence in its possession." **Thomas vs. Goldsmith,** (9th Cir. 1992) 979 F. 2d 746. "That failure to consider the Federal Claim will result in a fundamental miscarriage of justice." **Harris vs. Reed,** (1989) 489 US 255, 262.

There is No! Federal Constitutional Right to a Preliminary Hearing. **Hines vs. Enomoto,** (9th Cir. 1981) 658 F. 2d 667; **Hurtado vs. Calif.** (1884) 110 US 516. **"Double Jeopardy"** – **Menna vs. N.Y.,** (1975) 423 US 61, 62-63 n2 Re: Federal Constitutional Claims.

Briand was denied Four (4) separate **Marsden Hearings Re:** Two (2) Prior Attys. On **March 8th, & 14th, 2011** re: court appointed counsel Robert (Bob) Cohen (See, **Plumlee vs. Del Papa,** (9th Cir. 2006) 465 F. 3d 910, 922) **and** the following year on **March 9th, 2012** re: **Pvt. Retained Atty.** Claudia Cecila Osuna-Hernandez **Re:** Abusing of discretion by the court in removing Briand's trial counsel without supporting proof by counsel. (US vs. Midgett, (4th Cir. 2003) 342 F. 3d 321, 326.)

Page Six (6) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013

## The Court's Violation of the Discovery Rules

Judge Klein had still failed to **ORDER** that the D.A. turn over the **"Sex & Arson Registration History** of the **People's #2 Witness, Otis Ray Graham, Jr.;** His **Arrest & Conviction Record** was not even turned over until the sentencing day **( on the last day)** of the Case Trial. See, **US vs. Price,** (9th Cir. 2009) 566 F. 3d 900, 908-09. THIS WAS A CLEAR VIOLATION OF BRIAND's **14th** AMENDMENT
Nor did the D.A.'s office ever produce **or** attempt to turn- over the Arrest & Conviction Record of the D.A.'s four(4) **other testifying Witness** for the D.A. Office.

US vs. Price, (9th cir. 2009) 556 F. 3d 900, 908-09 "Brady violation where prosecutor failed to disclosed witness's prior criminal history, even when prosecutor did not personally know information."

US vs. Fisher, (5th Cir. 1997) 105 F. 3d 622, 635 "Brady violation because government did not disclose report **(rap sheet)** containing impeachment evidence of government's key witness until last day of trial **(in Briand's case at sentencing)** and late discovery precluded defense from making meaningful use of evidence." Abrogated by **Ohler vs. US,** (2000) 529 US 753, 758-59.

Gant vs. Roe, (9th Cir. 2004) 389 F. 3d 908, 912 "Brady violation because information discovered on last day **(in Briand's case at sentencing)** of testimony & should have been disclosed to defense **immediately.**

People vs. Coyer, (1983) 142 CA 3d 839, 842 "Criminal charges pending anywhere against a prosecution witness."

Crivens vs. Roth, (7th Cir. 1999) 172 F. 3d 991, 999 "witness's prior criminal record and history of giving aliases to police when arrested material because it impeached credibility of main government witness."

Banks vs. Dretke, (2004) 540 US 668, at pg. 702 "one can hardly be confident that [defendant] received a fair trial, given the jury's ignorance of [the

Page Seven (7) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013

withheld information].” But herein Briand’s Case, **It was the trial Judge; Judge Clifford L. Klein.**

    **Douglas vs. Workman,** (10th Cir. 2009) 560 F. 3d 1156, 1174-75 “undisclosed deal between prosecutor & key witness could have enabled defense to successfully impeach witness.”

    **Washington vs. Texas,** (1967) 388 US 14, 19 “The 6th Amendment provides that “[i]n all criminal prosecutions, the accused shall enjoy the right... to have compulsory process for obtaining witnesses in his favor.” This right is held applicable to the states through the 14th Amendment. **(BRIAND’S trial Attorney was an “IAC” when he had denied Briand these Constitutional Rights on March 8th & 14th, 2012, before and during Briand’s Trial.)**

    **People vs. Mena,** (2012) 54 C. 4th 146, 170 (quoting **People vs. Zambrano,** (2007) 41 C. 4th 1082, 1132) “Evidence is ‘favorable’ to the accused ‘if ‘it helps the defense or hurts the prosecution.” See, **In re Miranda,** (2008) 43 C. 4th 541, 575; **US vs. Price,** (9th Cir. 2009) 566 F. 3d 900, 912; **Sassounian,** (1995) 9 C 4th 535, 544; **US vs. Van Brandy,** (9th Cir. 1984) 726 F. 2d 548, 552; **US vs. Alvarez,** (9th Cir. 1996) 86 F. 3d 901, 905.

    **People vs. Uribe,** (2008) 162 CA 4th 1457, 1475-76, “any favorable evidence known to others acting on the government’s behalf is imputed to the prosecution. The individual prosecutor is presumed to have knowledge of all information gathered in connection with the government’s investigation.” (quoting **In re Brown,** (1988) 17 C 4th 873, 879.) (alterations omitted).

    **People vs. Bowles,** (2011) 198 CA 4th 318, 326, **“Sec. 1954.1(e)** “Requires the prosecution to disclose ‘[a]ny exculpatory evidence,’ not just material exculpatory evidence.”” (quoting **Barnett vs. Sup. Ct.,** (2010) 50 C 4th 890, 901.) **People vs. Roland,** (2004) 124 CA 4th 154.

    **Barnett vs. Sup. Ct.,** (2010) 50 C 4th 890, 898-901 **Re:** Post-Conviction Discovery. **“PC Sec. 1054.9,...** provides for the Discovery of Materials to which the Defendant was entitled to at trial but did not receive.” (See, **People vs.**

**Page Eight (8) of Twenty (20)**
Richard M. Doctoroff
January 23rd, 2013


**Ashmus,** (1991) 54 C 3d 932, 979) **In re Miranda,** (2008) 43 C 4th 541; **People vs Westmoreland,** (1976) 58 CA 3d 32, 36: **Hurd vs. Sup. Ct.,** (2006) 144 CA 4th 1100, 1106: **People vs. Hustead,** (1999) 74 CA 4th 410, 423.)

The court appointed Counsel Robert (Bob) Cohen, had **failed** to object to the Amendment of the **Feb.8th, 2011 complaint** when Mr. Cohen knew that the Deft. had **waived his Preliminary hearing.** This was IAC. (**People vs. Peyton,** (2009) 176 CA 4th 642, 652.)

On **March 14th, 2011,** on the date of trial Mr. Cohen **had again failed** to object to the Amendment of the Information at Trial, (**See Pg. 2:21-25 of the trial T/S**) this was illegal & a denial to the Defendant's right to have a jury trial under the following three (3) cases: **People vs. Ernst,** (1994) 8 C 4th 441, 449; **People vs. Holmes,** (1960) 54 C 2d 442; and **People vs. Sanders,** (1987) 191 CA 3d 79, **Quoting:** "jury Waiver No Good Once D.A. Amends Document." **This was IAC.** Deft. (Briand) had a Federal right to a Jury Trial. (See **Blakely vs. Wash.** (2004) 542 US 296.)

Mr. Cohen, was a Serious Incompetence, IAC, pursuant to the case of **People vs. Kiihoa,** (1960) 53 C 2d 748, 752, when he **failed** to move for a Mistrial **or** for a complete dismissal of the case, when he, had only learned during the trial that the prosecutor **had failed** to disclosed each and every existence and Identity of all of the people's material witnesses of whom the defense was previously unaware of. (See **PC Sec. 1054.1(a)(f); Cal. Const. Art. I Sec. 30(c);** Cases of **Izazaga vs. Superior Court,** (1991) 54 C 3d 356, 376-78; and **Sandeffer vs. Superior Court,** (1993) 18 CA 4th 672, 677 "Discovery **must** be made available at least **thirty (30) days before trial.**" The prosecutor had never even turned over a witness list for none of the five (5) witnesses whom testified at trial against the Deft. & the one (1) witness at the priors trial against the defendant.

### "Failure to Object to Inadmissible Evidence"

Under **People vs. Ledesma,** (1987) 43 C 3d 1171, 218 quoting **Strickland vs. Wash.** (1984) 466 US 668, 693; **People vs. Benavides,** (2005) 35 C 4th 69, 92-

Page Nine (9) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013


93; Mr. Cohen, was a Serious Incompetence, IAC, when he failed to move for a Mistrial **or** for a complete dismissal of the case, when the D. A. had introduce **untimely late discovery** at trial of all three (3) of the people's trial exhibits that **were moved into evidence. (See, Pg. 36:23-28; Pgs. 91-98; Pgs. 105-112; and Pg. 116:15-24; of the trial T/S.)** See, also **In re Lindley,** (1947) 29 C 2d 709,723 "Sufficiency of evidence claim **[must]** be raised **on direct appeal** and **cannot be considered** on habeas corpus."

Mr. Cohen, was also a Serious Incompetence, IAC, when he **failed to object** to the People's #one (1) exhibit **last four (4) pages** up under the confrontation clause, because only the **"Authors"** whom actually filled out the forms can testify to who **"Actually Signed"** and who's fingerprint can be verified on each one of **those last four (4) pages.**

Mr. Cohen, Serious Incompetence, IAC, continued on, when he **failed** to object to the **People's No. Three(3) Trial witness line of Questioning** as: Argumentative; Calls for Speculation; Misleading; Lack of Foundation; Vague; Lack of Personal Knowledge; and Suggestive by the Prosecutor from **Pg. 71:26 thru Pg. 80:20 of the Trial T/S.**

Mr. Cohen, Serious Incompetence, of IAC goes also to the extent that he had **failed** to Object under the **Confrontation Clause** on the Deft's behalf when the court allowed the alleged Finger-Prints in from the People's Exhibits No. 2 & 3 be **submitted into evidence without letting the Defendant's Defense Confront the actual analyst whom allegedly took the Finger-Prints that allegedly belonged to the Deft.** The defendant cites the most recent cases here in up under the **Confrontation Clause, as stated in "Melendez – Diaz vs. Massachuetts,** (6-25-2009) 557 U.S. \_\_\_ No. 07-591 and **Bullcoming vs. New Mexico,** (6-23-2011) 131 S. Ct. 2705.(See **Pg. 36:6 thru Pg. 53:8 of the Trial T/S.)**

**The First Element of the Charge** against Mr. Williams **was not met** in Mr. Williams' Trial because the **People's Witness #3, Testimony was stricken. (See, T/S Pg. 90-101, Line 14; Pg. 103-104, Line 19, and as well see Pg. 93, Lines 13-28, and Pg. 99, Lines 3-15.)**

Page Ten (10) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013


Further more the Defendant had argued during his Motion for a New Trial on **April 6th, 2012** that the omitted **"2nd Element "Residence""** and that the **"3rd Element" was never proven by neither the People's No. 1 Witness at trial or they're No. 3 Witness at trial** had proven that the Defendant was ever Notified **based upon the allegations in Count 1 of the Information Under Neder vs. US,** (1999) 527 U.S. 1, 19, **"Reversal Required when** Defendant contested the omitted element and raised evidence sufficient to support a contrary finding…" (See, also **Fiore vs. White.** (2001) 531 U.S. 225, 228-29.)

Under **Duncan vs. Ornoski,** (9th Cir. 2008) 528 f. 3d 1222, 1239, "Mr. Cohen was an IAC **because he failed to consider potentially exculpatory evidence despite being aware of its existence."**

See, **Goodman vs. Bertrand,** (7th Cir. 2006) 467 F. 3d 1022, 1023-31, Re: **"Counsels failure to Subpoena crucial witness & too request for mistrial…"** Everything that I had complained about **Mr. Cohen, not doing in the First Three (3) Marsden Hearings was correct, (See, the Attached Two (2) Letters from both of my court appointed Investigator and Handwriting Expert) Mr. Cohen, clearly had Dumped me at my trial for complaining.**

Under both **McMann vs. Richardson,** (1970) 397 U.S. 759, 771 n.14, and **Cuyler vs. Sullivan,** (1980) 446 U.S. 335, 344-45, "The right to effective assistance applies to both retained and appointed competent counsel." See, **U.S. vs. Midgett,** (4th Cir. 2003) 342 F. 3d 321, 326, "Counsel provided Ineffective Assistance **when she threatened to withdraw from case** If, defendant testified to story because it forced the defendant to choose between right to tell the truth and right to counsel". And that's what happen too Mr. Williams, in this case on **March 9th, 2012.** Ms. Osuna was suppose to argue the defendant's priors trial, argue his New Trial Motion **and was suppose to file an** "Opposition to the DOJ's Motion to Quash" **but because the defendant had told the truth of her lying** to this court she had filed a Motion to Withdraw. Claudia Osuna **Provided No!!! Factual Proof** of her alleged illness with her Motion and **it was Judicial Error to Grant** it against the Defendant's Objections.

Page Eleven (11) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013


**The Cumulative effect of errors by both trial Counsels was so Prejudicial that the Defendant, herein was denied a fair trial, even if no error rose to the level** of a Constitutional Violation standing alone. During Defendant's trial, Mr. Cohen **didn't even make a Pro Forma Objection to the Admitting of the People's No. One (1) Exhibits without in-court testimony from any of the authors of each and every attachment pass page #4 (four). I am referring to pages 5, 6, 7, and 8 of the People's No. 1, submitted evidence as well as not making a Pro Forma Objection to the admitting of the People's No. Two (2) and No. three (3) Exhibits,** which was a violation of **The Confrontation Clause** where one expert testified based on fingerprints results prepared by another out-of-court fingerprint analyst. Mr. Cohen's judgment was unreasonable and deficient. "The Trial court's evidentiary rulings are reviewed for abuse of discretion." **(People vs. Geier,** (2007) 41 Cal. 4th 555, 586.) (See, **Pg. 94:13-20; Pg. 109-112 of the Trial T/S** and See, also **"Idaho vs. Wright,** (1990) 497 U.S. 805, "use of unreliable hearsay may violate Confrontation Clause."" **Bains vs. Cambra,** (9th Cir. 2000) 204 F.3d 964, 973, "Evidence erroneously admitted at trial in violation of State Law also violated Defendant's Sixth Amendment Right to Confrontation."

Failure to object at trial to the scientific foundation for admission of evidence under **"People vs. Kelly,** (1976) 17 Cal. 3d 24 **(Kelly)** forfeits the claim for appeal. **(People vs. Doolin,** (2009) 45 Cal. 4th 390, 448.) His failure to make any timely **or** specific objection to the evidence is also fatal to his claim. (Evidence Code Sec. 353.) A Defendant's Constitutional Due Process claims are likewise forfeited by failure to assert them in the trial court. **(People vs. Tafoya,** (2007) 42 Cal. 4th 147, 166, "Defendant forfeited Confrontation Clause Claim by failing to raise at trial;" **People vs. Rudd,** (1998) 63 CA 4th 620, 628-629 "generally a Constitutional Claim **MUST** be raised in the trial court to preserve the issue for appeal." **Geier,** similarly found the Constitutional Claims forfeited." (Geier, supra, 41 Cal. 4th at pp. 610-611.)

**People vs. Jackson,** (1989) 49 Cal. 3d 1170, 1188, Failure to object may however be raised on appeal if it resulted from **"IAC".** See, also **People vs. Allen,** (1986) 42 Cal. 3d 1222, 1271, "If the defense does not object **(to evidence)** at trial, the issue will be waived on appeal." **People vs. Williams,** (2010) 49 Cal. 4th 405,

Page Twelve (12) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013

459, "Failure to object waives issue about admission or exclusion of evidence."
But, See, **Sec. 1259. PC,** especially when Mr. Lopez and Mr. Kuhn, (both) were
appointed from the court bar panel of investigators and bar panel of experts and
Mr. Cohen **had failed to also have Mr. Kuhn come to Mr. Williams trial** and
purposely withheld Mr. Kuhn's Exculpatory twenty (20) page report, especially
**when Pages 9-17, of his report clearly shows that not only that the defendant's
handwriting does not match page eight (8) of the people's No. #1 exhibit and
the handwriting in Kuhn's Rpt. Shows that Pgs. 5&6, were altered on the
People's Pg. eight (8) exhibit No. #1, making that evidence not valid under
Evidence Code Sec. 1204; 1550.1(b); 1522-23;1530-31; and 403.**

The **"Hearsay Fingerprints"** under the **Confrontation Clause** where one
expert testified based on fingerprints results prepared by another out of court
fingerprint analyst; and the **People's No. 4 witness: John Helbling,** whom had
testified at trial on **Pg. 90, of the trial T/S had stated that he was just a
"Paralegal"** and under **People vs. Geier,** (2007) 41 C. 4th 555, 586, 610-611, that
**No. 4 witness was not a "fingerprint expert" which had violated the
Confrontation Clause of the defendant's, but when looking at Pg. two (2) in
the upper left hand corner where it say "Charge" and within the same box
just slightly to the right there is a Case No. LAC-BA 119173-01, which is the
exact Case No. that the Defendant was "ORDERED" RELEASED from under
Release No. #376132 on April 17th, 1996, by the People's own PC 1382 Motion.
(See Defense Ex. "E" Pg. One (1) in Evid.)**

And when looking at Pg. four (4) **of the People's No. 2, exhibit,** up in the
same left hand corner, **there is No!!! Case No. #,** just a charge; Now looking at Pg.
eight (8) of the people's No. 2, exhibit up in the same spot, **there again is a
different case No.** and charge. Although all three (3) fingerprints photos are
**"Hearsay"** up under the very same evidence code section that I had just given
**for page eight (8) of the people's 1, submitted evidence** and not to mention the
violation of the defendants rights up under the Confrontation Clause, **"The D.A.
has failed to present any alleged prints for the case No. # that they are trying
to base the case filed Information on".**

Page Thirteen (13) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013


In fact, since this the trial court was aware that the defendant had file a Writ of Habeas Corpus on June 2nd, 2011, regarding this matter and although a copy of the defendants traverse was provided to this court, **Mr. Brentford J. Ferreira, SBN #113762 Deputy-In-Charge of the D.A.'s H/C Litigation Team**, had stated in his return, the People had **Clearly Admitted on Pg. nine (9), at lines "11-16"** of the return that "[ In the instant case, we have **No Transcripts** of the Sentencing hearing. **None** could be found in the court's file **or the District Attorney files. Nor is there evidence of any minute order** reciting an advisement by the Court of the **Registration Requirement**. There is also **Nothing in the Probation Report putting Petitioner on Notice of the Registration Requirement**."] So, even looking at Pg. No. Three (3), of the **people's No. 2 exhibit, DOES NOT MEET THE 1st. Element** because it too is **"HEARSAY"** (See, **Fiore vs. White,** (2001) 531 U.S. 225, 228-29).

And also, looking at the **People's Exhibit #3,** again this was another violation of the Confrontation Clause and **People vs. Geier,** (2007), supra as just mention earlier because the **People's last testifying witness "Mr. Wu Liang Huang"** gave **Hearsay Testimony** "Where one expert testified based on Fingerprint results prepared by another out-of-court fingerprint analyst" and Mr. Huang was not suppose to testify because he **[was not]** the Original Fingerprint Analyst!!! **This was a Confrontation Clause Violation.**

The Bottom Line is the people **had not Produce No!!! Prior Sentencing T/S;** Fingerprints **or even a** Photograph Showing the Defendant, being Convicted, Associated with **or even being** Admonished by a Sentencing Court **of the alleged** Case No. BA 119173 that the D.A. claims that the defendant is allegedly required to register for **and** each witness lied about the defendant being convicted for the **Case No. BA 119173.** (People's 1st, Witness **at pg. 50, lines 14-23;** people's 3rd, Witness **at pg. 77, lines 2-7, whom further lied that he, (LASD Deputy Ralph Olivas)** was working IRC Inmate Reception Center on July 14th, 2009 and had allegedly Released Mr. Williams thru the Release Sally-Port, after a Release Clerk, called the defendant forward for release after a record check; (See **pgs. 71-71 of the Trial T/S)** When in face Deputy Olivas could not have because the defendant **had been in the Contrastive Custody of LAPD** and the defendant still has in his **Possession the LAPD Detective's Business Card and a Signed Detention Slip**

Page Fourteen (14) of Twenty (20)
Richard M. Doctoroff
January 23rd,

showing that he was detained elsewhere for 72hours during that time period before and after.

Then even the D.A. **in this case lied** about the Defendant being convicted for the **Case No. BA 119173 at pg. 125, line 14 thru pg. 126, line 14, "Where D.A. Kardan stated: Your Honor, People's One (1) is the packet which was provided...** at the end, the very last one being the one that I'm basing this Case on." So, "A Defendant Convicted on the basis of false testimony has been denied Due Process of Law." **Napue vs. Illinois,** (1959) 360 U.S. 264, 269. Remember **OTIS RAY GRAHAM, Jr.** had lied about his **"October 2009 Residence"** and both of the People's 4th and 5th witnesses gave hearsay testimony during trial.

Had this case been presented to a jury pool, the jury instruction **CAL JIC 2.28** "Failure to timely Produce Evidence **(PC Sec. 1054.5(b))"** would have been needed for these Prosecutorial Misconduct and up under (4th Cir. 2003) 342 F. 3d 321, 326 **"US vs. Midgett"** Claudia C. Osuna, Defendant's Posttrial Counsel, had provided **Serious IAC,** when the trial court Judge Klein, had allowed her to withdraw from his case; that **Judical Error on March 9th, 2012,** forced the defendant to choose between telling the truth and the right to counsel.

She was suppose to do everything that Mr. Williams, had been forced to do without getting further Dumped by Officers of the State In Cahoots. Ms. Osuna, had been on Mr. Williams **case for 352 days since her first appearance** back on March 23rd, **2011** exactly fourteen (14) day short from March 23rd, **2012.**

"When a Motion for a New Trial is Granted, the Defendant may move for the reinstatement of his or her prior **set bail** of $20k, under **Pen. C. Sec. 1275".** **In re Weiner,** (1995) 32 CA 4th 441. The defendant's Notice of Motion For Arrest of Judgment, under **PC Sections 1185, 1186** and Motion for a New Trial, under **PC Sections 1179, 1181,** and **1182** was based upon **the Trial T/S; The Four (4) Marsden Hearing T/S.** (Mar 8th and 14th, **2011 and March 9th, 2012);** The Court File; The Memorandum of Points & Authorities; The Newly Discovered Evidence filed at the hearing and the arguments at the hearing on those motions back on **April 6th and 9th, 2012.**

Page Fifteen (15) of Twenty (20)
Richard M. Doctoroff
January 23rd, 2013


## DEFENDANT'S RIGHT TO COUNSEL OF CHOICE WAS VIOLATED
## BY JUDGE CLIFFORD L. KLEIN

"The Sixth Amendment provides that [i]n all criminal prosecutions, the accused shall enjoy the right… to have the Assistance of Counsel for his defense. . . . [A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." (**U.S. vs. Gonzalez-Lopez,** (2006) 548 US 140, 144; accord, **People vs. Ramirez,** (2006) 39 Cal. 4th 398, 422 [quoting Gonalez-Lopez]; **People vs. Grikowski,** (1982) 32 Cal. 3d 580, 587 ["[T]he right to effective assistance of counsel [citations] encompasses the right to retain counsel of one's choice"].)

A criminal defendant's Constitutional right to counsel of his or her choice includes the right to discharge privately retained counsel at anytime with or without cause – that is without the showing of irreconcilable conflict **or** inadequate representation required before appointed counsel may be replaced under **People vs. Marsden,** (1970) 2 Cal3d at p.118; (**People vs. Ortiz,** (1990) 51 Cal. 3d 975, 983; **People vs. Munoz,** (2006) 138 CA 4th 860,866.) Economic status does not dicate a different result. (See Ortiz, at p. 984; **People vs. Courts,** (1985) 37 Cal 3d 784 [trial court erred in denying requested continuance to allow defendant to replace appointed counsel with retained counsel].) The Ortiz said, not the Marsden standard, applies whether the defendant is seeking to substitute retained counsel for pretrial or, for post verdict proceedings. (**Munoz, at pp. 867-869.**)

The "right to discharge his retained counsel, however, is not absolute. The trial court, in its discretion, may deny such a motion if discharge will result in significant prejudice to the defendant [citation], or if it is not timely, i.e., if it will result in disruption of the orderly processes of justice." (**People vs. Ortiz,** supra, 51 Cal. 3d at p. 983.)

In the posttrial of Mr. Williams, Counsel Claudia Cecilia Osuna-Hernandez, had been hired to do what the court appointed counsel Robert (Bob) Cohen, was not going to do which was, but not limited to arguing the Motion for a New Trial, etc…Instead Judge Klein had allowed counsel Osuna to withdraw (352 days after